**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOSEPH JOHN OKA,

        Plaintiff,

    vs.

UNITED AIRLINES, INC. &
AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL

        Defendants.

Case No. 1:23-cv-15793

Judge:    Matthew F. Kennelly

## DEFENDANT UNITED'S MOTION FOR APPROVAL AND ENTRY OF BILL OF COSTS

Defendant, United Airlines, Inc. ("United"), by and through its attorneys, Littler Mendelson, P.C., and pursuant to Federal Rule of Civil Procedure 54, Local Rule 54, and 28 U.S.C. § 1920, hereby moves for approval and entry of its Bill of Costs. In support of its Motion, United states as follows:

1.    On March 24, 2026, this Court granted United's Motion for Summary Judgment, dismissing Plaintiff's Second Amended Complaint in its entirety with prejudice. [Dkt. No. 156].

2.    As the prevailing party, United is entitled to costs under Federal Rule of Civil Procedure 54(d)(1), which provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party." More specifically, "[u]nder Rule 54(d) of the Federal Rules of Civil Procedure, the presumption is that the prevailing party will recover costs, and the ultimate decision to award costs is within the district court's discretion." *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). In addition, "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs

1

unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (finding that in general, "only misconduct by the prevailing party worthy of a penalty" or indigence of the losing party "will suffice to justify denying costs" to the prevailing party).

3.       Local Rule 54.1 of the United States District Court for the Northern District of Illinois provides, in relevant part: "Within 30 days of the entry of judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party." Local Rule 54.1 further provides that that costs shall be taxed in accordance with the Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Specifically, 28 U.S.C. § 1920 provides that the following items are taxable as costs:

a. Fees of the clerk and marshal;

b. Fees for printed or electronically recorded transcripts necessarily obtained for use in this case;

c. Fees for disbursements for printing and witnesses;

d. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

e. Docket fees under Section 1923 of this title;

f. Compensation of court appointed experts, compensation or interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title.

4.       In accordance with the above, United seeks to recover transcript fees from the depositions that were necessarily obtained for United's defense of this litigation. *Dishman v.*

*Cleary*, 279 F.R.D. 460, 469 (N.D. Ill. 2012) (prevailing parties may recover costs for transcripts so long as they do not exceed the regular copy rate as established by the Judicial Conference of the United States).[1] United seeks to recover $6,129.20 in deposition transcript fees.

5.      United also seeks to recover fees for deposition exhibits used in Plaintiff's and witness depositions, the creation and exemplification of which were necessary costs. Courts in this District have found that "costs associated with deposition exhibits [are] taxable on the ground that 'exhibits are essential to understanding the content of a deposition[.]" *Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *14 (N.D. Ill. Mar. 23, 2018) (quoting *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *2 (N.D. Ill. Oct. 20, 2011)).[2] United seeks to recover $233.60 in deposition exhibit costs.

6.      United's Bill of Costs (Form AO 133), Itemization of Costs, and supporting affidavit, are attached hereto as **Exhibits 1-3**, respectively. Copies of all invoices are attached to **Exhibit 2** as **Exhibits A-I.**

7.      As set forth in the aforementioned exhibits, United submits its Bill of Costs in this matter in the amount $6,362.80.

8.      Judgment was entered in this matter on March 24, 2026. Therefore, United's Bill of Costs is timely under Local Rule 54.1.

WHEREFORE, Defendant United Airlines, Inc. respectfully requests that its Bill of Costs be approved and entered for any further relief deemed necessary and appropriate by this court.

---

[1] The rates set forth by the Judicial Conference can be found here: https://www.uscourts.gov/court-programs/federal-court-reporting-program#rates.

[2] This Court has found that $.20 per page is reasonable for a copy of the discovery record, and that such is a reasonable and necessary expense.

Dated:    April 22, 2026

Respectfully submitted,

**UNITED AIRLINES, INC.**

*/s/ Shanthi V. Gaur*
One of Its Attorneys

Shanthi V. Gaur, Bar No. 06224996
sgaur@littler.com
Victoria Vanderschaaf, Bar No. 6321660
vvanderschaaf@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:    312.372.5520
Facsimile:    312.372.7880

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on April 23, 2026, she caused a copy of

**Defendant United's Motion for Approval and Entry Bill of Costs** to be electronically filed with

the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the

following counsel of record for Plaintiff:

Joshua W. Carden
Carden Livesay, Ltd.
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com

*/s/ Shanthi V. Gaur*
Shanthi V. Gaur